HOWARD, Appellee,

v.

FLAG CITY WATER, INC.; Ohio Bureau of Employment Services, Appellant.

[Cite as *Howard v. Flag City Water, Inc.* (1991), 74 Ohio App.3d 446.]

Court of Appeals of Ohio,
Hardin County.

No. 6–90–10.

Decided June 5, 1991.

*Gregory A. Grimslid,* for appellee.

*Patrick K. Wilson* and *Stefan J. Schmidt,* Assistant Attorneys General, for appellant.

EVANS, Judge.

In this case the Unemployment Compensation Board of Review ("the board") denied the appellee, Howard, unemployment compensation benefits. Howard appealed to the Court of Common Pleas of Hardin County, which reversed the ruling of the board and allowed benefits. The Administrator of the Ohio Bureau of Employment Services filed this appeal and asserts as the sole assignment of error the following:

"The lower court erred when it held that the claimant's reserve military service constituted employment for the purposes of accumulating credit weeks in qualifying for unemployment benefits."

The facts in this case are not in dispute. The record discloses that the appellee filed for unemployment compensation benefits after being terminated by his last employer, Flag City Water, Inc. This employment did not qualify

appellee for benefits, however, because it was not twenty weeks in duration during the base year as required by R.C. 4141.01(R). The appellee had additional employment with the United States Army Reserve which was sufficient in duration to give the appellee the required twenty weeks of employment during the base year if the reserve employment could be recognized. The board refused to include the reserve time when computing the twenty-week requirement, but the court of common pleas disagreed and held that the reserve time was not excluded under any provision of Ohio law and was therefore included to determine benefits.

Thus, the only issue in this case is the law under which the validity of the reserve time is to be determined. The appellee urges that Ohio law applies and that there is nothing in Ohio law to exclude reserve time. The Administrator of the Bureau of Employment Services, appellant, urges that federal law must be used to determine the validity of the reserve time. For the reasons which follow we hold that the validity of the reserve time must be determined under federal law. Therefore, we reverse the judgment of the Common Pleas Court of Hardin County and remand this cause with instructions to affirm the decision of the board.

In this case the appellee worked for two employers during the base year. Flag City Water, Inc. was an Ohio corporation while the United States Army Reserve was clearly a federal employer. Nevertheless the appellee made application for benefits in Ohio under the Ohio statutes. R.C. 4141.43 makes provision for such an occurrence. This section provides in pertinent part as follows:

"(E) The administrator may enter into agreements with the appropriate agencies of other states or of the United States or Canada:

"(1) Whereby services or wages upon the basis of which an individual may become entitled to benefits under the unemployment compensation law of another state or of the United States or Canada shall be deemed to be employment or wages for employment by employers for the purposes of qualifying claimants for benefits under this chapter, and the administrator may estimate the number of weeks of employment represented by the wages reported to him for such claimants by such other agency, provided such other state agency or agency of the United States or Canada has agreed to reimburse the unemployment compensation fund for such portion of benefits paid under this chapter upon the basis of such services or wages as the administrator finds will be fair and reasonable as to all affected interests * * *."

Thus, the Ohio law permits an applicant for benefits in Ohio to use his federal employment in attempting to qualify in this state. We note, however,

that the language quoted above contemplates that the employment in the other jurisdiction be such as would qualify the applicant for benefits in that jurisdiction before the employment can be used to qualify the applicant for benefits in this jurisdiction. If it were otherwise, the other jurisdiction would refuse to contribute its share of the cost of paying benefits, leaving Ohio to bear the entire cost without having received the necessary premium from the responsible employer. It is apparent from reading the statute set forth above that the Ohio legislature did not intend to extend benefits to Ohio residents based on employment in other jurisdictions unless that employment could be used to qualify the applicant for benefits in the other jurisdiction. We must examine the law of the second jurisdiction to determine whether the employment in that jurisdiction could be used to qualify the applicant for benefits there. If the answer is in the affirmative, the employment can be used in Ohio to qualify for benefits in this state.

In this case the issue revolves around the use of United States Army Reserve employment to qualify the appellee for unemployment compensation benefits in Ohio. Since the appellee was a federal employee during the time he was on active duty with his reserve unit, we must examine the federal law to determine whether this reserve time would qualify the appellee for unemployment compensation benefits in that jurisdiction. In Section 8521, Title 5, U.S.Code, we find that "federal service" is defined as active service in the armed forces but "not including active duty in a reserve status unless for a continuous period of 180 days or more." Since it is undisputed that the reserve service in question in this case was not for a continuous period of one hundred eighty days or more, we conclude that this reserve service cannot be used to qualify this appellee for benefits in Ohio. In addition we find a requirement in the same section that the applicant be discharged or released from active service before benefits can be paid. The appellee in this case was still active in his reserve unit at the time of making application for benefits in Ohio. Thus, the reserve employment is unavailable to qualify the appellee for benefits in Ohio for a second reason.

The judgment of the Court of Common Pleas of Hardin County is unlawful and must be, and hereby is, reversed. We remand this cause to the trial court with instructions to affirm the decision of the Unemployment Compensation Board of Review.

*Judgment reversed.*

HADLEY, P.J., and SHAW, J., concur.